RECEIVED
IN CLERK'S OFFICE
MAY 3 1 2012
U.S. DISTRICT COURT
MID. DIST. TENN.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MARY PEVAHOUSE | ) | CASE NO: 3 12 0554 |
| | ) | |
| | ) | JURY DEMAND |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SECURITAS SECURITY SERVICES USA INC., and SAMUEL LAMAR | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW THE PLAINTIFF, Mary Pevahouse, by and through counsel, and for her Complaint would state as follows:

### PARTIES

1. Mary Pevahouse, hereinafter "Plaintiff", is a Resident of the State of Tennessee, Lewis County, for all times relevant and pertinent to this Complaint.

2. Securitas Security Services USA, Inc. hereinafter "Defendant" is a duly incorporated entity under the laws of the United States with a business address in Westlake Village, California.

3. Samuel Lamar, hereinafter "Mr. Lamar", was, for all relevant times to this Complaint, an employee of Defendant.

### JURISDICTION

4. Defendant operates a service providing security for various entities, specifically the "Saturn" plant of General Motors located in Spring Hill, Maury County Tennessee.

5. Plaintiff, as an employee of Defendant, worked at the Saturn plant in Maury County, Tennessee.

6. Plaintiff, as an employee of Defendant, was supervised by Mr. Lamar at the Saturn plant in Maury County, Tennessee.

## FACTS

7. Plaintiff, since 1988, has worked for various security companies at the Saturn plant.

8. This position continued without interruption until 1 November 2010 when Plaintiff was terminated by Mr. Lamar as agent for Defendant.

9. That Plaintiff had a spotless disciplinary record despite what the termination papers indicate.

10. That Plaintiff performed each and every duty and obligation per guidelines in the employee handbook.

11. That Plaintiff is over the age of 45 making her a member of a protected class under Title VII.

12. That Mr. Lamar as agent for Defendant, and in that capacity, engaged in blatant age discrimination by terminating more than 6 members of this same protected class within a 6 month period.

13. That Defendant either knew or should have known of the discriminatory actions of its agent and member of management.

14. That the termination papers incorrectly note a blemish on Plaintiff's record.

15. That as a result of the wrongful discrimination and termination by Defendant and Mr. Lamar, Plaintiff suffered economic damages through a period of unemployment.

16. That Plaintiff, as a result of the wrongful discrimination and termination by Defendant and Mr. Lamar, suffered emotional distress of shock and humiliation reasonably likely to occur based on the termination and discrimination she experienced and the employer's failure to take immediate and appropriated action in response thereto.

17. That Plaintiff searched for and subsequently found other employment.

Wherefore, premises considered, Plaintiff prays this Honorable Court:

1. Issue service to each Defendant requiring an answer under oath be filed in this matter.

2. Award Plaintiff, against the Defendants, reasonable back pay for the period of unemployment she experienced.

3. Award Plaintiff, against the Defendants, compensatory damages for the emotional distress she suffered.

4. Award Plaintiff, against the Defendants, reasonable attorney's fees and reasonable costs of litigation.

5. Award Plaintiff, against the Defendants, punitive damages for the repetitive discriminatory behavior in violation of Title VII.

6. For all such other and reasonable damages this Court deems necessary and proper.

Respectfully submitted

Christopher Westmoreland
116 East Depot Street
Shelbyville, TN 37160
931 684 1993
Attorney for the Plaintiff
TN Bar 024789